IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHONG SU YI,** | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. RWT-16-1172 |
| **DEMOCRATIC NATIONAL COMMITTEE,** *ET AL.*, | * | |
| | * | |
| Defendants | | |

## MEMORANDUM OPINION AND ORDER

The above-captioned Complaint was filed on April 20, 2016, together with a Motion to Proceed in *Forma Pauperis*. ECF Nos. 1, 2. Because Plaintiff appears to be indigent, the motion shall be granted.

> Plaintiff characterizes the facts and arguments in this case as:
>
> DNC and RNC to regulate oversees primaries and presidential elections; i.e. interstate commerce; as none Federal Agency; and as regulators of interstate commerce; they denied right to vote of colored person; i.e. plaintiff in violation of 15th amendment.
>
> Plaintiff is registered independent in State of Maryland; colored, race of Oriental.
>
> DNC and RNC regulates primaries in State of Maryland; plaintiff State; as many others....
>
> Federal election is interstate commerce. DNC and RNC; as NGO, regulate interstate commerce and has denied colored person; plaintiff, right to vote; registered independent; in State of Maryland, among others are State of NY, et al; so called closed States; and mixed states over 31 states; also registered independent are not able to vote; among them are colored people; in violation of Sherman Act; i.e. 15 USC 1 and 2;

ECF No. 1, at 2-3. Plaintiff seeks an injunction that the Democratic National Committee and the Republican National Committee cease and desist operations. *Id*. at 3.

A court is required to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court must allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972), and must assume allegations in the complaint to be true, *Erickson*, 551 U.S. at 93. However, as noted by Judge Hollander:

> [U]nder 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty.*, S.C., 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed *in forma pauperis*).

*Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015). Pursuant to 28 U.S.C. § 1915(e)(2), a court must dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). The plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's Complaint here is largely nonsensical and wholly meritless; he has failed to provide any information that might lead to a reasonable conclusion that a plausible cause of action has accrued on his behalf.

Accordingly, it is this 8th day of June, 2016, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiff's Motion to Proceed *in Forma Pauperis* is hereby **GRANTED**; and it is further

**ORDERED**, that the Complaint is hereby **DISMISSED**; and it is further

**ORDERED**, that the Clerk **SHALL PROVIDE** a copy of this Order to Plaintiff; and it is further

**ORDERED**, that the Clerk **SHALL CLOSE** this case.

                                                      /s/
                                      Roger W. Titus
                                      United States District Judge